STOULIG, Judge.
Plaintiff, Anthony G. Alateras, instituted this suit for $750,000 damages and lost wages allegedly resulting from an unfair and discriminatory labor practice by defendant, Floyd J. K. Hepting, a New Orleans based official of defendant, the American Radio Association AFL-CIO, in refusing to place plaintiff’s name on a “standby” list for employment aboard ship as a radio officer.
Defendants filed a declinatory exception to the court’s jurisdiction, asserting that a complaint stemming from an alleged unfair labor practice is within the exclusive jurisdiction of the National Labor Relations Board under 29 U.S.C. § 151 et seq. By stipulation the exception was referred to the merits but was never passed upon by the trial court. After a trial on the merits, plaintiff’s suit was dismissed. He has appealed.
Although defendant has neither appealed nor answered the appeal, we notice sua sponte our lack of jurisdiction because it is inappropriate for any court to adjudicate merits if the subject matter may not properly be brought before it.
Alateras alleges Hepting, a union representative, refused to place plaintiff’s name on a stand-by list for future employment as the union rules require. The gravamen of his complaint is that defendant violated 29 U.S.C. § 158(b)(2), which states:
“It shall be an unfair labor practice for a labor organization or its agents—
(2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership * * * >>
29 U.S.C. § 160 provides for administrative and judicial review of any complaint based on an álleged violation of § 158 before the National Labor Relations Board. As this section has been interpreted by the United States Supreme Court, the Board’s jurisdiction in the unfair labor practice area is exclusive.
The concept of federal preemption in labor relations has its genesis in the interstate commerce and federal supremacy clauses of the United States Constitution. (Art. I, § 8 and Art. VI.) In Amalgamated Ass’n of St., E. R. & M. C. Emp. v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), the Supreme Court discussed the need for uniformity in adjudicating labor disputes and the areas where federal preemption would be necessary to achieve this result. After relating the trial and error approaches taken by the federal judiciary to delineate between federal and state jurisdiction in labor matters, the court cited with approval this first workable formulation that emerged in San Diego Building Trades Council, Etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959), viz:
“When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law. Nor has it mattered whether the States have acted through laws of broad general application rather than laws specifically directed towards the governance of industrial rela *249 tions. Regardless of the mode adopted, to allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.
“At times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. What is outside the scope of this Court’s authority cannot remain within a State’s power and state jurisdiction too must yield to the exclusive primary competence of the Board. See, e. g., Garner v. Teamsters, etc. Union, 346 U.S. 485, especially at pages 489-491, 74 S.Ct. 161, at pages 165-166, 98 L.Ed. 228; Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546.”
In Local 100 of United Ass’n of Jour. & App. v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963) — factually analogous to this case — the Court followed Garmon and held the state court did not have jurisdiction.[1]
In Local No. 207, Int. Ass’n of Bridge, Etc. v. Perko, 373 U.S. 701, 83 S.Ct. 1429, 10 L.Ed.2d 646 (1963), the Supreme Court held that state jurisdiction was preempted even where the object of the suit was damages allegedly incurred as the result of an unfair labor practice.
In the instant case plaintiff first filed a complaint with the National Labor Relations Board based on the same incident upon which he premises this suit. This action was filed while the charges were pending before the administrative review agency. Ultimately his Board complaint was dismissed as meritless and appealed unsuccessfully through several administrative levels. In this case Alateras’ complaint was investigated and the National Labor Relations Board found the evidence insufficient to warrant further proceedings. But even if no complaint had been filed with the Board, under the jurisprudence summarized the state court has no jurisdiction to entertain this suit and the declinatory exception should have been maintained.
For the reasons assigned, the judgment appealed from is annulled and it is now ordered that this suit be dismissed for lack of jurisdiction. Appellant is to pay all costs.
JUDGMENT ANNULLED; EXCEPTION MAINTAINED.

. H. N. Borden, as a member of a plumbers’ union, complained a union official arbitrarily withheld a referral he needed before he could be hired on a bank construction job.